**STATE of Missouri, Plaintiff-Respondent,**

v.

**Danny AX, Defendant-Appellant.**

**No. 37827.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Jan. 25, 1977.

William J. Shaw, Public Defender, Joseph W. Downey, Asst. Public Defender, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., Robert M. Sommers, Preston Dean, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Ann Fran Carpini, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

McMILLIAN, Presiding Judge.

Defendant appeals from a conviction of robbery in the first degree and a sentence of eight (8) years imprisonment pursuant to § 560.120, RSMo 1969.

Because defendant does not question the sufficiency of the evidence, no detailed narrative of the evidence is necessary.

On May 11, 1975, as Mrs. Sandra Sweeney was walking on the parking lot at the West County Shopping Center, a passenger riding in a truck snatched her purse from her arm. Because the purse had two straps which went over her right arm, she was thrown to the ground. Fifteen minutes later because of the alertness of Harry Plaisted, an off-duty St. Louis police officer, defendant and his two companions were taken into custody. Found in the truck was Mrs. Sweeney's purse, credit cards, cigarette case, and other articles. Defendant was identified as the driver of the truck.

The sole issue raised by defendant is the failure of the trial court to submit to the jury an instruction on the offense of stealing from the person. We affirm judgment.

At the outset, we agree with the general propositions of law set forth in *State v. Adams*, 406 S.W.2d 608 (Mo.1966), which is relied upon by defendant. Undeniably, to constitute the offense of robbery, the force used must precede or be contemporaneous with the taking of the property. So, too, it is indisputable that where one snatches a valuable article from another it is robbery when force is exercised in overcoming the resistance of the person robbed or in detaching the article taken where it is fastened to the clothing or person of the victim. But where the article is merely snatched from the hands of another, the

**550**

offense is stealing, not robbery. *Adams,* supra, at 610.

■ The vice of defendant's contention that an instruction on stealing from the person should have been given is that no such instruction is necessary where the state's evidence only establishes facts to support robbery, and where the defendant offers no contradictory evidence. *State v. Blewett,* 507 S.W.2d 56, 57 (Mo.App.1974).

Even more to the point is *State v. Houston,* 451 S.W.2d 37 (Mo.1970). There the jury had found defendant guilty of robbery in the first degree and on appeal defendant argued that the court should have given to the jury an instruction on stealing from a person. The victim testified that two boys grabbed her and took her purse. The bystander testified that the victim told him somebody knocked her down and took her purse. This testimony was the only testimony pertaining to the occurrence and was not disputed by defendant. The court, in *Houston,* supra, concluded that because the only evidence in the case as to the actual taking of the victim's property indicated that the property was taken by force and violence, and because defendant offered no evidence to the contrary, it was not error in failing to submit an instruction on stealing from the person.

■ In the present case, as in *Houston,* supra, the state's evidence as to the forcible taking came from the victim. No contradictory evidence was introduced by defendant. Consequently, there is absolutely no evidentiary base to support the giving of a stealing from the person instruction. Nor is there anything in either the *Adams* case or *State v. White,* 326 Mo. 1000, 34 S.W.2d 79 (1930) that would compel a contrary conclusion.

Accordingly, judgment is affirmed.

STEWART and SMITH, JJ., concur.