STATE of Missouri, Respondent,

v.

Marlyn James JOHNSON, Appellant.

No. WD 36516.

Missouri Court of Appeals,
Western District.

May 27, 1986.

Dan Adams, Asst. Public Defender, St. Joseph, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and NUGENT and GAITAN, JJ.

NUGENT, Judge.

Defendant appeals his conviction after jury trial of driving while intoxicated, third offense, § 577.010 R.S.Mo. (Cum.Supp. 1983), and the sentence by the court as a prior offender to a three-year term of imprisonment. As his sole point on appeal, he claims the court erred in finding him to be a prior offender and sentencing him because the court did not hold a hearing to determine whether he was a prior or persistent offender as required by § 558.021, R.S.Mo. (Cum.Supp.1984).

We reverse the judgment.

Defendant was arrested and charged with driving while intoxicated after a State Highway Patrol trooper saw him driving in an erratic manner. A blood alcohol breath test disclosed that defendant had a blood alcohol content at the time of his arrest of .14 percent.

The first of the two trials of this case began on April 10, 1984. Before trial, the prosecutor told the court that to prove the defendant's prior intoxication-related traffic offenses he had a number of exhibits. As Exhibits 1 through 4, the prosecutor had marked and identified a certified copy of defendant's driving record, an authenticated copy of a DeKalb County drunk driving conviction, a Missouri State Penitentiary record, and a certified copy of a Platte County driving while intoxicated conviction. In addition, the prosecutor advised the court that at the hearing on sentence enhancement he would call the clerk of the Buchanan County court to produce the records of two more convictions, but no exhibits pertaining to those two convictions were ever marked or identified. No hearing was held and no evidence was actually heard on the enhancement issue at any point during the pretrial proceedings or the trial, and none of the six exhibits was offered or received in evidence.

During the first trial, nothing more was said of an offer or admission of those exhibits. However, during that trial defendant Johnson took the witness stand and admitted at least two prior convictions for driving while intoxicated and admitted that he had served Missouri penitentiary sentences on both the Platte County and the DeKalb County convictions. His testimony, however, did not include the dates of those convictions. The first trial was aborted by the declaration of a mistrial so that the planned enhancement of sentence hearing never took place.

In the consolidated transcript of the two trials, the court reporter's index of exhibits

indicates that the six exhibits were never offered or received at either trial.

The transcript of the second trial, which began on September 11, 1984, includes the court reporter's parenthetical note stating, "Exhibits 1 through 9, previously marked and identified in the case of State versus Marlyn Johnson tried on April 10 and 11, 1984, were resubmitted to be used in this trial." Again, confirming the court reporter's index, the six exhibits were neither offered nor admitted into evidence, and no hearing was held on the enhancement issue.

The jury returned a verdict of guilty. The court entered a judgment on November 7, 1984, finding defendant to be a prior offender and convicting defendant of driving while intoxicated, third offense, and sentenced defendant to a three-year term of imprisonment. Defendant filed a motion for new trial claiming, among other things, that the court erred in failing to give him a fair and impartial hearing before trial on the issue of his status as a prior or persistent offender.

Defendant appeals, claiming that the trial court erred in not following the procedures set forth in § 558.021 for imposing an extended term. He argues that at the first trial the court found him to be a prior offender without adequate foundation and without according him full rights of confrontation and cross-examination. In addition, he argues that even if the proceedings before the first trial were adequate, the court's determination that he was a prior offender should not be given effect after the mistrial was declared, and the court should have held another hearing on the prior offender issue before the second trial. He urges that his sentence be vacated and the case remanded to require the trial court to hold a sentencing hearing at which the state can attempt to establish an adequate basis for the enhanced sentence.

Defendant Johnson was charged in a felony information with a violation of § 577.-010, R.S.Mo. (Cum.Supp.1983). That section provides that driving while intoxicated is for the first offense a class B misdemeanor. § 577.010.2, R.S.Mo. (Cum.Supp. 1983). The information charges defendant Johnson with the commission of a class D felony of driving while intoxicated, punishable under §§ 577.023, 558.011.1(4) and 560.011.[1] The version of § 577.023 in effect on September 11, 1983, the date of the alleged offense, was the 1982 enactment.[2] That section then provided that

1. Any person convicted of violating the provisions of section 577.010 or 577.-012 for the second or subsequent offenses or for violating the provisions of section 577.010 or 577.012 after previously having been convicted of a violation of the provisions of one or more of the other of such sections shall be guilty of:

(1) For the second offense or for a first offense after a previous conviction of one of the other of such sections if such subsequent offense is committed within ten years after the first offense or the previous offense, a class A misdemeanor....

(2) For the third offense or for a second or subsequent offense after a previous conviction of one or more of the other of such sections if such subsequent offense is committed within ten years after the second offense or the previous conviction, a class D felony....

2. Evidence of prior convictions shall be heard and determined by the trial court out of the hearing of the jury prior to the submission of the case to the jury.... After hearing the evidence, the court shall enter its findings thereon....

The essential elements of the offense of felony driving while intoxicated, third offense, in violation of § 577.010, R.S.Mo. (Cum.Supp.1983), and the version of § 577.-

---

1. Section 560.011 authorizes the imposition of fines and is not relevant in this case since no fine was imposed. Section 558.011.1(4) is part of the statute providing for sentences of imprisonment, subsection 1(4) providing for a term of not to exceed five years for class D felonies.

2. *H.S.H.C.S.S.C.S.B.* 513, effective August 13, 1982. L.1982, p. 687. The current version of § 577.023 became effective September 28, 1983, and is found at R.S.Mo. (Cum.Supp.1983).

023 in effect on September 11, 1983, were (1) operation of a motor vehicle (2) while intoxicated, and (3) conviction therefor within ten years after the second such offense. A person so convicted was guilty of a class D felony. In this case, therefore, the prosecution had to produce evidence of defendant's drunken driving on September 11, 1983, and proof of defendant's earlier convictions within ten years of two or more other violations of § 577.010 (first adopted in 1977, effective January 1, 1979) or violation of two or more "other such sections," referring to earlier drunk driving laws. See § 564.440 and § 564.445, R.S.Mo., 1969.

The information further charges that defendant is a prior offender subject to sentence by the court under § 558.016, and is a persistent offender punishable by sentence to an extended term of imprisonment under § 558.016 in that he has previously been convicted of two felonies committed at different times and not related to the instant offense as a single criminal episode. The two prior felonies so alleged were a January 20, 1981, conviction in DeKalb County for the felony of driving while intoxicated and the March 19, 1982, conviction for the felony of driving while intoxicated in Platte County.

■ Section 558.016 describes a "prior offender" as one who has been convicted of one felony. A "persistent offender" is one who has been convicted of two or more felonies committed at different times. The information unquestionably charges that defendant Johnson is a "prior offender" within the meaning of § 577.023 in that he had previously been convicted of a felony within ten years. Thus, the information charges sufficient facts to support a conviction and sentence of defendant Johnson as either a prior offender or a persistent offender under § 558.016 and § 558.021 in that at least two prior felony convictions are alleged. Of course, sentencing under § 558.021 was dependent upon proof beyond a reasonable doubt of the basic offense charged in the information, namely, felony driving while intoxicated, third offense, in violation of § 577.010 and § 577.-023 in their versions then in effect. Accordingly, if the evidence established that

defendant Johnson had within ten years of the instant conviction been convicted of two or more driving while intoxicated offenses, he could be found guilty in the instant case of a class D felony and sentenced under § 558.011.1(4) to a term of not to exceed five years.

Section 558.021 requires that the information charge the defendant with all the essential facts warranting that the defendant is a prior or a persistent offender, that the evidence establish those facts beyond a reasonable doubt and that the court make findings of those facts.

■ The state's proof in this case failed in that no evidence was adduced that the prior drunk driving offenses or convictions took place within ten years. Even defendant's admissions failed to disclose the times of those prior offenses and convictions. Establishment of those dates was essential to defendant's conviction for the basic offense of felony driving while intoxicated, a necessary predicate to invocation of §§ 558.016 and 558.021.

■ The state having failed to prove the charged offense of felony driving while intoxicated, third offense, the next question is whether it may retry the defendant for that offense or for the underlying lesser included offense of simple driving while intoxicated, a class B misdemeanor. It may not.

■ Where in the first trial of a criminal case the state adduces insufficient evidence to sustain a verdict of guilty, retrial of that offense is barred by the Double Jeopardy Clause. Burks v. United States, 437 U.S. 1, 18, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978); State v. Basham, 568 S.W.2d 518, 521 (Mo.1978) (en banc); State v. Wood, 596 S.W.2d 394, 397–98 (Mo.1980) (en banc); State v. Cullen, 646 S.W.2d 850, 855–59 (Mo.App.1982).

Nor may the state try the defendant for the lesser included offense of simple misdemeanor driving while intoxicated. Missouri long ago adopted Wharton's Rule that acquittal on a greater offense is a bar to a later prosecution on a minor offense includ-

ed in the greater offense if under the charge of the greater offense the defendant could have been convicted of the lesser. *State v. Hamlin,* 171 S.W.2d 714, 715 (Mo. 1943); *State v. Brannon,* 55 Mo. 63, 65–66 (1874).

Moreover, the United States Supreme Court in *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), has held that "[a]s is invariably true of a greater and lesser included offense, the lesser offense ... requires no proof beyond that which is required for conviction of the greater.... The greater offense is therefore by definition the 'same' for purposes of double jeopardy as any lesser offense included in it." *Id.* at 168, 97 S.Ct. at 2226. Therefore, the Court held, the prosecution for one such offense bars the later prosecution of the other. *Id.* at 169–70, 97 S.Ct. at 2228. *See also Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) (per curiam).

For the foregoing reasons, the judgment of the trial court is reversed and the defendant is discharged.

All concur.

