John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

**STATE of Missouri, Plaintiff-Respondent,**

v.

**Samuel BUTLER, Defendant-Appellant.**

No. 49886.

Missouri Court of Appeals, Eastern District, Division Two.

*Aug. 26, 1986.*

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 1986.

Application to Transfer Denied Nov. 18, 1986.

REINHARD, Judge.

A jury found defendant guilty of robbery in the second degree, § 569.030, RSMo 1978. The court found defendant a persistent offender pursuant to § 558.021, RSMo Cum. Supp. 1984, and sentenced him to twenty years' imprisonment. He appeals. We affirm.

At approximately 11:00 a.m. on April 25, 1984, the victim, an 82 year old woman, was standing at a bus stop in St. Louis County. She was approached by a man who asked when the next bus would come along, then grabbed her purse and ran. The purse had a strap which had apparently been wrapped around the woman's arm and one of her fingers. The victim testified that her finger was injured during the purse snatching.

The victim's pertinent testimony is as follows:

[Prosecutor]: Did you have it wrapped?

A. I had it wrapped on this arm and it must have wrapped around my finger, and he said that and grabbed it and run.

\* \* \* \* \* \*

Q. When the purse was taken, was it pulled off your arm?

A. Well, the only thing is, this one finger, it hurt the nail and it is a little deformed.

A truck driver, Ron Fisher, was stopped at a traffic signal when he saw a black male grab the victim's purse and run. Fisher testified that the assailant appeared to be wearing a maroon or "rust-colored" jump suit, and that he ran down the street and got into a car with "some other fellows." Fisher followed the suspect until he was stopped by a traffic light at an entrance to Interstate Highway 70. Fisher gave the suspect's license plate number to a man who pulled up in a car behind him and identified himself as a police officer.

No other witnesses were produced that saw the actual robbery. Shortly after the robbery occurred, however, a reserve police officer observed the victim holding her hands up in the air. The reserve officer then observed a black male running with something tucked under his left arm. The officer gave chase and when he got within 20 to 25 feet of the suspect he was able to get a look at his face, the suspect having turned around. The officer then observed the suspect get into an automobile and noted its license plate number. A vehicle with the same license plate number was subsequently stopped by the police. The reserve officer was transported to the scene of the stop by on-duty police officers and identified the automobile and the defendant. The reserve officer later identified the defendant at trial as the man he saw running from the scene of the crime. Defendant initially denied the offense; however, he subsequently admitted stealing the purse to police officers, who testified at trial regarding the circumstances of the confession.

Defendant argues that the evidence adduced was insufficient to make a submissible case of robbery in the second degree. Section 569.030, RSMo 1978, sets out the offense:

1. A person commits the crime of robbery in the second degree when he forcibly steals property.

2. Robbery in the second degree is a class B felony.

Section 569.010, RSMo 1978, sets out the definition of forcibly stealing as follows:

(1) "Forcibly steals", a person "forcibly steals", and thereby commits robbery, when, in the course of stealing, as defined in section 570.030, RSMo, he uses or threatens the immediate use of physical force upon another person for the purpose of:

(a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or

(b) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft;

The Supreme Court in *State v. Adams*, 406 S.W.2d 608, 611 (Mo.1966), a first degree robbery case, quoted from 46 Am.Jur. *Robbery*, § 21 as follows:

The rule prevailing in most jurisdictions is that the mere snatching or sudden taking of property from the person of another does not in itself involve such force, violence, or putting in fear as will constitute robbery \* \* \*. The authorities are agreed that a sudden taking or snatching may be accompanied by sufficient force to constitute robbery. Thus, if a struggle immediately ensues to keep possession of the property and the thief overcomes the resistance, *or the article snatched is so attached to the owner's person as to afford resistance or injure the possessor in the taking,* the violence

is sufficient to constitute the act a robbery. (Emphasis ours).

The Supreme Court then stated:

In *State v. Thompson*, Mo. Sup., 238 S.W. 115, it was held that a submissible case of robbery was made where there was testimony that defendant grabbed a bag containing money which was held by a woman and that she tried to hold onto it but he wrenched the bag from her arm by force. Also, in *State v. Broderick*, 59 Mo. 318 [1875], there was held to be sufficient violence to support a conviction of robbery where defendant grabbed the watch chain of the victim with such violence as to break the chain and straighten out the hook which fastened it into a button hole.

*Id.* at 611.

In *State v. Ax*, 546 S.W.2d 549 (Mo.App. 1977), Judge McMillian, speaking for our court, stated:

... Undeniably, to constitute the offense of robbery, the force used must precede or be contemporaneous with the taking of the property. So, too, it is indisputable that where one snatches a valuable article from another it is robbery when force is exercised in overcoming the resistance of the person robbed or in detaching the article taken where it is fastened to the clothing or person of the victim. But where the article is merely snatched from the hands of another, the offense is stealing, not robbery. (Citations omitted).

*Id.* at 549–550.

■ We believe the evidence here is sufficient to make a submissible case of robbery. The evidence reveals that the strap of the purse was wrapped around either the victim's arm, her finger, or both. We believe that this attachment of the purse to her body makes this case similar to those involving a watch chain snatched from the victim's person. Furthermore, there was evidence of injury to the victim's finger. *See, State v. Arnold*, 628 S.W.2d 665, 671 (Mo.1982). Evidence of injuries sustained as a result of the purse snatching is "the best possible proof of the violence commit-ted on the robbery victim's person." *State v. Williams*, 532 S.W.2d 826, 828 (Mo.App. 1975).

Defendant's second point on appeal is as follows:

The trial court erred in overruling appellant's objection to Officer Blechle's hearsay testimony regarding Ms. Quinn's alleged description of the thief, which was not offered to explain any subsequent conduct of his own (or any other testifying officer), and which, akin to the prejudice in *Degraffenreid*, permitted the officer to create a pre-trial description which the victim apparently could not recall or recreate at trial so as to bolster the similar description of volunteer Officer Morris, and improperly shifted the balance of the varying and controverted identification evidence in the state's favor to create a bogus inference of validity based not on its substantive value, but rather upon Blechle's status as a police officer all of which prejudiced the jury especially since the victim said she was not able to positively identify appellant, all in derogation of fourteenth and sixth amendment rights of due process, fair trial, and confrontation.

Defendant's argument on this point rests on the premise that the police officer's testimony was adduced to bolster the victim's identification of the accused. If true, this would raise the same issue as addressed in *State v. Degraffenreid*, 477 S.W.2d 57 (Mo. banc 1972). In *Degraffenreid*, a police officer testified that the witness identified the defendant by means of a photograph and subsequently identified him again by selecting the defendant out of a lineup. Here, in contrast, the police officer's testimony was as follows:

Q. Did you have occasion to put a radio broadcast out?

A. Yes.

Q. What was contained in the radio broadcast?

A. A description.

**38**

[Defense Counsel]: That would be in the line of hearsay, what he told him. I have to object to that.

THE COURT: The objection is overruled. Proceed.

\*     \*     \*     \*     \*     \*

Q. What was the description you put out?

[Defense Counsel]: Again, I object unless he has firsthand knowledge, there is an implied hearsay here.

THE COURT: The objection is overruled.

\*     \*     \*     \*     \*     \*

A. The description given was five-six to five-seven, one hundred-fifty to one hundred-sixty pounds, medium build, maroon jacket, orange pants.

Q. What colored automobile?

A. Yellow and lime green, with the license plate 04F–M84.

Q. Pursuant to your investigation did you have occasion to transport the victim anywhere?

A. Yes, sir.

Q. Where was that?

A. To Highway 70 where the Berkeley officer had a description matching.

■ We believe the officer's testimony was elicited to inform the jury of what led up to the officer transporting the victim to the roadside lineup. "Such testimony is justified on the basis it allows for a portrayal of the chain of events which is 'more likely to serve the ends of justice in that the jury is not called upon to speculate on the cause or reasons for the officer's subsequent activities.'" (Citations omitted). *State v. Shigemura*, 680 S.W.2d 256 (Mo. App.1984).[1] The contested evidence was not introduced to bolster another witness's identification of defendant, and is not inadmissible hearsay. Furthermore, assuming arguendo that the officer's testimony should have been excluded, its admission would amount to no more than harmless

error since the evidence of guilt in this case was strong.

Judgment affirmed.

DOWD, P.J., and PUDLOWSKI, J., concur.

---

1. Even if the issue presented in this case is the same as in *Degraffenreid,* the Supreme Court significantly narrowed the applicability of *De-*graffenreid in *State v. Harris*, 711 S.W.2d 881 (Mo. banc, 1986).