**Samuel BUTLER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54040.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 1, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 29, 1988.

Application to Transfer Denied
Jan. 17, 1989.

Beverly A. Beimdiek, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Samuel Butler appeals the denial of his motion for post-conviction relief pursuant to Rule 27.26. A jury in the Circuit Court of St. Louis County on February 5, 1985 convicted Butler of second degree robbery, § 569.030 RSMo. 1986, for snatching the purse of Lucille Quinn, an 82 year-old woman. Butler, a persistent offender, was sentenced to twenty years imprisonment.

On direct appeal, we affirmed the conviction. *State v. Butler,* 719 S.W.2d 35 (Mo. App.1986). On May 19, 1987, Butler filed a pro se motion pursuant to Rule 27.26. Butler's appointed counsel filed an amended motion. After an evidentiary hearing Butler's 27.26 motion was denied. Butler appeals; we affirm.

Rule 27.26(j) provides the standard of appellate review is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." *Bailey v. State,* 738 S.W.2d 577, 578 (Mo.App.1987).

Butler raises two points on appeal. First, Butler argues Andrew Walker, his trial counsel, provided ineffective assistance of counsel by not objecting to the striking of blacks from the jury, citing *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

To establish a claim of ineffective assistance of counsel, a party must prove (1) his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo.banc 1987). Effectiveness is measured at the time of the trial and an attorney does not render ineffective assistance by failing to predict a

change in the law. *Boggs v. State,* 742 S.W.2d 591, 601 (Mo.App.1987).

The law at the time of the trial permitted a prosecutor to exercise peremptory challenges on the basis of race unless the state systematically excluded blacks from juries. *Swain v. Alabama,* 380 U.S. 202, 223, 85 S.Ct. 824, 837, 13 L.Ed.2d 759 (1965). Butler provided no evidence that the State systematically excluded blacks from juries other than Walker having had "some" experience with the State striking "a lot" of black jurors. Butler provides no statistical support for his claim. Missouri courts are reluctant to find systematic exclusion without statistical support. *State v. Jordan,* 751 S.W.2d 68, 73 (Mo.App.1988). Walker testified blacks remained on the panel in other cases and he did not object in this case because he could not prove the State systematically excluded blacks.

■ The evidence falls far short of establishing a claim of systematic exclusion. Counsel does not render ineffective assistance by not making nonmeritorious claims based on speculative changes in the law.

■ Butler's second point on appeal is that counsel failed to call as a witness Peter Dunne, Butler's first public defender. Butler alleges Dunne would have testified the victim at the preliminary hearing stated no force had been used which would impeach her testimony at trial that she had been injured. Butler argues the motion judge was clearly erroneous when he found the decision not to call Dunne was a matter of trial strategy and did not amount to ineffective assistance.

Ineffective assistance of counsel must prejudice the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) ("counsel's errors [must be] so serious to deprive the defendant of a fair trial ..."). Second degree robbery requires force, not physical injury. Failing to impeach the victim about the cause of her injury—a hangnail—does not prejudice the defendant since it does not dispel the existence of force used by Butler in taking the purse. The judge at the preliminary hearing found sufficient evidence of force to detain Butler.

Dunne's notes at the preliminary hearing indicated Butler used force. A finding is not clearly erroneous unless "the appellate court is left with the definite and firm impression that a mistake has been made." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. 1987). This court agrees with the motion judge finding that the decision not to call Dunne as a witness was a matter of trial strategy and did not render ineffective assistance.

JUDGMENT AFFIRMED.

PUDLOWSKI, C.J., and SIMEONE, J., concur.