STATE of Missouri, Respondent,

v.

Vance E. TIVIS, Appellant.

Vance E. TIVIS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 45412, WD 48136.

Missouri Court of Appeals,
Western District.

July 12, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 30, 1994.

Application to Transfer Denied
Oct. 25, 1994.

Elizabeth Unger Carlyle, Lee's Summit, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P.J., and FENNER and HANNA, JJ.

FENNER, Judge.

Appellant, Vance E. Tivis, appeals his conviction after trial by jury, for robbery in the second degree in violation of section 569.030, RSMo 1986.[1] Also consolidated herein is appellant's appeal from the dismissal of his motion for postconviction relief under Rule 29.15.

The record reflects that on November 6, 1990, at approximately 7:00 p.m., the victim herein, Carolyn Tagel, arrived at her apartment complex. It was after dark and Ms. Tagel noticed headlights of a car behind her as she pulled into the parking lot of her apartment complex. Ms. Tagel had been grocery shopping so she stopped in the lot near her apartment to unload her groceries. There was no designated parking space available so she parked behind and perpendicular to cars already parked in order to unload her car. As Ms. Tagel got two bags of groceries from her car, Vance Tivis approached her.

Ms. Tagel saw Tivis exit from the car that had followed her into the lot.

Tivis asked Ms. Tagel if she wanted to buy a small stuffed pumpkin. Ms. Tagel declined the offer and became uncomfortable with the situation. She set one bag of groceries back in her car because she was uncomfortable and did not want to have her hands full of groceries. Tivis followed her around her car and asked again if she wanted to buy the stuffed pumpkin. Ms. Tagel declined again and carried one bag of groceries to the back door of her apartment. Tivis followed her to her apartment door. Ms. Tagel testified that she felt the situation was weird, and that she felt apprehensive and a little scared. As Ms. Tagel placed the bag of groceries on her back steps, Tivis "yanked" her purse off her shoulder. She testified that Tivis grabbed the purse by its strap, took it from her shoulder and ran off. Ms. Tagel testified that Tivis did not threaten her with physical force, there was no struggle over the purse, Tivis did not touch her and she was not injured.

In his first point, Tivis argues that the evidence was insufficient to show the use or threat of the immediate use of force as required for conviction of the offense of robbery.[2]

Section 569.030.1 provides that "[a] person commits the crime of robbery in the second degree when he forcibly steals property." The term forcibly steals is defined under section 569.010(1), in pertinent part, as follows:

[A] person "forcibly steals" ... when, in the course of stealing ... he *uses or threatens the immediate use of physical force* upon another person for the purpose of:

(a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or

---

1. All statutory references are to RSMo 1986 unless otherwise stated.

2. The State challenges each of Tivis' points on appeal as failing to comply with Rule 30.06(d). Although a point on appeal fails to state the basis for alleged error, an appellate court can consider the point as properly raised when the appellant's argument makes clear the grounds for appeal. *State v. Sloan*, 756 S.W.2d 503, 505 (Mo. banc 1988), *cert. denied*, 489 U.S. 1040, 109 S.Ct. 1174, 103 L.Ed.2d 236 (1989). We choose to consider appellant's points herein as properly raised.

(b) Compelling [the complaining witness] to deliver up the property or to engage in other conduct which aids in the commission of the theft (emphasis added).

Tivis argues that there was no evidence that he used or threatened the immediate use of physical force.

The State argues that placing a person in fear of injury is sufficient to establish the offense of robbery. In support, the State cites *State v. Adams*, 406 S.W.2d 608, 610 (Mo.1966), for its holding that when property is taken from a person and the person is put in fear, the offense is robbery, not stealing. The State also cites *State v. Clemons*, 356 Mo. 514, 202 S.W.2d 75, 78 (1947), for its holding that when a sudden taking or snatching is concurrent with intimidation or violence, the crime is robbery.

We do not find either *Adams* or *Clemons* to be controlling. The present statutory offense of robbery has been altered since these cases were decided. At the time both *Adams* and *Clemons* were decided, the statute in effect provided that putting a person in fear of some immediate injury was sufficient to establish the offense of robbery.[3] However, the law does not currently so provide.

The current law, section 569.030.1, requires a finding of forcible stealing which under section 569.010(1) requires the use or threatened use of immediate physical force. Since there was no evidence in the case at bar of the use or threatened use of immediate physical force, the State failed to prove a necessary element of the crime of robbery.

Tivis did not express any threat against Ms. Tagel and the only evidence of force was that the purse was "yanked" from her shoulder. However, Ms. Tagel specifically testified that there was no struggle over the purse. Tivis grabbed the strap of the purse and took it from her shoulder without touching or injuring Ms. Tagel. The evidence is insufficient to support Tivis' conviction for robbery in the second degree.

■ Nonetheless, the State argues further that the jury necessarily had to find that Tivis was guilty of felony stealing to convict him of robbery in the second degree. Therefore, the State argues, even if the evidence did not support Tivis' conviction for second degree robbery, this court should enter a conviction for felony stealing as allowed under *State v. O'Brien*, 857 S.W.2d 212, 220 (Mo. banc 1993). *O'Brien* provides that "[w]here a conviction of a greater offense has been overturned for insufficiency of the evidence, the reviewing court may enter a conviction for a lesser offense if the evidence was sufficient for the jury to find each of the elements and the jury was required to find those elements to enter the ill-fated conviction on the greater offense." *Id.* (citations omitted).

A person commits the crime of stealing if he appropriates property of another with the purpose to deprive him thereof without his consent. § 570.030. Under section 570.030, stealing is a class C felony if (1) the value of the property appropriated is $150 or more, or (2) the property is taken from the person of the victim, or (3) the property taken consists

---

**3.** The relevant statute in *Adams* was section 560.-120, RSMo 1959, which provided as follows:

Robbery in first degree.—Every person who shall be convicted of feloniously taking the property of another from his person, or in his presence, and against his will, by violence to his person, or *by putting him in fear of some immediate injury to his person;* or who shall be convicted of feloniously taking the property of another from the person of his wife, servant, clerk or agent, in charge thereof, and against the will of such wife, servant, clerk or agent by *violence to the person* of such wife, servant, clerk or agent, or by putting him or her in fear of some immediate injury to his or her person, shall be adjudged guilty of robbery in the first degree (emphasis added).

The relevant statute in *Clemons* was section 4450, RSMo 1939, which provided as follows:
Robbery in first degree.—Every person who shall be convicted of feloniously taking the property of another from his person, or in his presence, and against his will, by violence to his person, or *by putting him in fear of some immediate injury to his person,* or who shall be convicted of feloniously taking the property of another from the person of his wife, servant, clerk or agent, in charge thereof, and against the will of such wife, servant, clerk or agent by violence to the person of such wife, servant, clerk or agent, or by putting him or her in fear of some immediate injury to his or her person, shall be adjudged guilty of robbery in the first degree (emphasis added).

of property specifically listed in the statute none of which specifically listed property is relevant herein.

In the case at bar, the verdict director, for robbery in the second degree, was as follows:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about November 6, 1990, in the County of Jackson, State of Missouri, the defendant took a purse, which was property in the *possession* of Carolyn K. Tagel, and

Second, that defendant did so for the purpose of withholding it from the owner permanently, and

Third, that defendant in doing so used physical force on or against Carolyn K. Tagel for the purpose of preventing resistance to the taking of the property,

then you will find the defendant guilty of robbery in the second degree (emphasis added).

To find Tivis guilty as charged, the jury was not required to find the value of the property taken or that it was taken from the person of Ms. Tagel. In addition to the element of force, the jury was merely required to find that Tivis took a purse, which was property in the possession of Ms. Tagel, for the purpose of withholding it from her permanently.

However, to convict a person of stealing as a class C felony, the property must be appropriated *from the person* of the victim. The significant distinction, relevant to the State's argument here, between felony stealing and robbery in the second degree, is the requirement that the property be appropriated from the person of the victim for felony stealing as opposed to from the possession of the victim for robbery.

A person can be in possession of property without the property being on his or her person. Possession can be constructive. A person has actual possession if he has the substance on his person or within easy reach and convenient control. A person who is not in actual possession has constructive possession if he has the power and intention at a given time to exercise dominion or control over the substance either directly or through

another person or persons. § 195.010(33), RSMo Supp.1993. Therefore, a finding that a person is in possession of property does not necessarily require a finding that the property is on his person.

Since the jury was not required to find the value of the property taken or that it was taken from the person of the victim to convict of robbery in the second degree, the jury did not necessarily find all of the requisite elements to convict Tivis of felony stealing.

■ The evidence being insufficient to support Tivis' conviction of robbery in the second degree, the conviction is reversed. Nonetheless, when a conviction is reversed for insufficient evidence, the cause may be remanded for retrial on a lesser included offense. *State v. O'Brien,* 857 S.W.2d 212, 221 (Mo. banc 1993). In *O'Brien,* the defendant's conviction for first degree murder was reversed for insufficient evidence and the cause was remanded for retrial on the lesser included offense of second degree felony murder. *O'Brien,* 857 S.W.2d at 222. In so doing, the Missouri Supreme Court cited with approval *State v. Parker,* 262 Mo. 169, 170 S.W. 1121, 1124 (1914), where a robbery conviction was reversed for insufficient evidence and the case was remanded for trial on the lesser included offense of larceny. *O'Brien,* 857 S.W.2d at 221. In *O'Brien,* the Missouri Supreme Court also specifically overruled *State v. Johnson,* 710 S.W.2d 908 (Mo.App.1986), where the court of appeals held that a defendant could not be retried for the lesser included offense of misdemeanor drunk driving when the evidence supporting his conviction for felony drunk driving was found insufficient on appeal. *O'Brien,* 857 S.W.2d at 221 n. 3. In *O'Brien,* the court noted that *Johnson* misconstrued retrial on remand as a "successive prosecution" or a "prosecution following a conviction." *Id. O'Brien* overruled *Johnson* because of *O'Brien's* holding that a defendant may be retried on a lesser included offense following a reversal of a conviction of a greater offense. *Id.*

Tivis takes exception to the holding of *O'Brien* and suggests that *O'Brien* should be reconsidered. Reconsideration is not for this

court to decide in that we are required to follow the last controlling decision of the Missouri Supreme Court. *State v. Bragg,* 867 S.W.2d 284, 295 (Mo.App.1993).

This case is remanded for Tivis to be prosecuted for felony stealing. If Tivis is retried for felony stealing, he can only be tried as a prior and persistent offender under section 558.016, and not as a prior, persistent or class X offender under section 558.019, as he was in the case at bar, since that statute applies only to class A and B felonies and "dangerous felonies" as defined by section 556.061, RSMo Supp.1993. § 558.019.2, RSMo Supp.1993. Stealing from the person is a class C felony, and is not among the "dangerous felonies" specifically listed in section 556.061(8), RSMo Supp.1993.

■ Tivis raises another point that is likely to be an issue on retrial. In this regard, Tivis argues that the trial court erred by permitting the State to introduce evidence of another crime.

This point relates to the State's cross-examination of defense witness Gracie Anderson. Ms. Anderson identified herself as Tivis' fiance and testified as an alibi witness on his behalf. In the event that Ms. Anderson testifies on retrial, the issue raised by Tivis in this appeal will likely once again be presented.

Ms. Anderson testified that she loved Tivis, but that she would not lie for him. The State then cross-examined Ms. Anderson in regard to a letter she wrote to the victim of another offense for which Tivis was accused. In the letter Ms. Anderson offered to make restitution and asked that the charges be dropped. Tivis argues that this was improper admission of evidence of another crime.

In her letter, Ms. Anderson wrote, "I'm writing to you to beg you to please show some mercy on Mr. Tivis by dropping the charges being held against him." She also wrote, "What I'm asking you to do is please not prosecute him for his action." She went on to state, "I work every day and I'm willing to make payments to you to pay for the repair for your door."

■ The interest or bias of a witness and his relation to or feeling toward a party are never irrelevant matters. *State v. Johnson,* 700 S.W.2d 815, 817 (Mo. banc 1985), *cert. denied,* 476 U.S. 1119, 106 S.Ct. 1980, 90 L.Ed.2d 663 (1986). The authority of a party to show the existence and extent of a witness' bias, prejudice, or hostility is subject to the sound discretion of the trial court. *Id.*

■ Where proper impeachment "cannot be accomplished without establishing the commission of other crimes, the defendant must bear the burden as well as he can." *State v. Collins,* 669 S.W.2d 933, 936 (Mo. banc 1984). Conversely, if proper impeachment can be had without introducing evidence of other crimes, or if the prejudicial effect of the evidence outweighs its necessity and probative value, it should be excluded. *Id.*

Tivis argues that the trial court failed to balance properly the prejudicial effect of the evidence of other crimes against its necessity and probative value. Tivis argues that his relationship with Ms. Anderson was already established and other portions of her testimony were impeached. Tivis argues that these circumstances made inquiry about the letter more prejudicial than probative.

The record reflects that Ms. Anderson had reported Tivis' car stolen and was contradicted at trial as to when she made the report. Further, it was brought out at trial that Ms. Anderson had not disclosed her alibi testimony to law enforcement authorities prior to trial. Nonetheless, the fact that Ms. Anderson had attempted in a previous case to compensate a witness in an effort to get the witness not to testify against Tivis was of a different character and far more probative than merely showing the relationship between Tivis and Ms. Anderson and contradicting portions of her testimony. Additionally, the only evidence of the nature of the other crime at issue here was that there was damage done to a door which is not a matter likely to be highly prejudicial.

■ We do not find that the trial court abused its discretion by allowing evidence that Ms. Anderson offered to compensate a

witness in another case in an effort to have another charge against Tivis dropped.[4]

Tivis' conviction for second degree robbery is reversed and this cause is remanded for Tivis to be prosecuted for felony stealing.

All concur.

4. Tivis also argues that the trial court erred in overruling his *Batson* objection to the State striking certain African–American venirepersons and that the trial court erred by admitting identification testimony based on an impermissibly suggestive police lineup identification. The *Batson* objection is not likely to recur on retrial and Tivis did not properly preserve his objection to the lineup identification.

The victim, Ms. Tagel, picked Tivis from a lineup consisting of Tivis and two other men. Tivis complains because he was the tallest and thinnest individual in the lineup and also because he was the only person with his distinctive hairstyle, which was long curled strands of hair.

Tivis argues that Ms. Tagel's identification of him should have been excluded because it was based on an impermissibly suggestive lineup.

In order to preserve a question relating to the admissibility of identification evidence for appellate review, the defendant must (1) file a pretrial motion to suppress the evidence, (2) make a timely objection when the testimony is offered at trial, and (3) preserve this issue in his motion for new trial. *State v. Walker*, 755 S.W.2d 404, 407 (Mo.App.1988). Tivis did not file a pretrial motion to suppress Ms. Tagel's identification testimony, he failed to object to this testimony when it was offered at trial, and he did not include this issue in his motion for new trial.