**STATE of Missouri, Respondent,**

v.

**Shatondi RICE, Appellant.**

No. 69943.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 19, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 30, 1997.

Application to Transfer Denied
Feb. 25, 1997.

Deborah B. Wafer, District Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. La Hue, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Shatondi Rice ("defendant"), appeals the judgment of conviction entered after a bench trial wherein defendant was found guilty of robbery in the second degree, RSMo § 569.030,[1] and armed criminal action, RSMo § 571.015, in the Circuit Court of the City of St. Louis. We affirm.

The following evidence was adduced at trial: On the morning of August 13, 1994, Shelby Stanfield ("victim") was seated at a bus stop at the intersection of Gravois, Utah, and Virginia Avenues. A young man, later identified as defendant, approached victim, sat down next to her, and began a conversation. As victim's bus arrived, defendant grabbed victim's purse, and began running down Virginia Avenue. The purse had been around victim's shoulder, and she had just begun to look through it for her bus pass when defendant "jerked it off" her shoulder. Victim testified her shoulder hurt "whenever the purse come off—because he jerked [it] around ... [.]"[2]

Victim chased after defendant in an attempt to stop him but was not fast enough. She also began shouting for help and yelling that defendant had taken her purse. While this was happening, Peggy Wagner was leaving her house on Virginia Avenue. She heard victim's shouts and saw defendant running toward her. She also saw him carrying a purse and realized it must have been victim's. Wagner walked toward defendant and

---

1. All statutory references are to RSMo 1994 unless otherwise noted.

2. Victim demonstrated to the court how she was holding her purse at the time it was taken from her.

questioned him about the purse. When defendant was within ten feet of Wagner, he pulled a gun out of the waistband of his pants and pointed it at her. Wagner backed away from defendant, who jumped into the driver's seat of a parked car and drove away. Wagner wrote down the license plate number of defendant's car as it left the scene. Wagner then went to victim, and together they called the police.

The police traced the license plate number to a house where they found defendant.[3] A search of the residence uncovered victim's purse and other belongings and a chrome plated .380 automatic handgun. Defendant was arrested and charged with first degree robbery and armed criminal action. Defendant waived his right to a jury trial and a bench trial was held.

In its judgment, the trial court found the following facts:

> Mrs. Stanfield has related she was sitting at the bus cubicle on Gravois Avenue waiting to catch a bus. That next to her was the defendant whom she had a conversation with. That as the bus came along he grabbed the purse. . . .

> The further evidence is that the defendant, running from the taking of the purse some one hundred to one hundred and fifty feet . . . encountered a lady named Wagner who had been alerted by shouts from [victim] as it developed. She saw him with the purse in his hand. She asked him where he was going with the purse. He pulled a revolver out of the waistband . . . and pointed it at her. . . . He then entered an automobile, threw the gun in the automobile and left.

The trial court found the above evidence supported finding defendant guilty of robbery in the second degree. The court further found the evidence supported finding defendant guilty of armed criminal action "because [defendant] committed that offense . . . by pointing a revolver at Miss Wagner, who was standing in his way and asking him what he was doing with the purse. . . ." Defendant was sentenced to fifteen years and

five years on the respective convictions, said terms to be served concurrently. This appeal follows.

Defendant raises two issues for this court to review: First, he challenges the sufficiency of the evidence to sustain a conviction for second degree robbery. Second, he claims the trial court's verdict convicting him of armed criminal action is inconsistent with the trial court's verdict acquitting him of first degree robbery and must therefore be reversed.

■■■ In reviewing defendant's first point on appeal, we take the evidence and all reasonable inferences in the light most favorable to the verdict. *State v. McFerron,* 890 S.W.2d 764, 767 (Mo.App. E.D.1995). Defendant argues the evidence produced by the state was insufficient to support a conviction for second degree robbery. More specifically, he argues the evidence failed to show he "forcibly" stole victim's purse.

The crime of second degree robbery is committed when a person "forcibly steals property." RSMo § 569.030. A person "forcibly steals" when

> in the course of stealing . . ., he uses or threatens the immediate use of physical force upon another person for the purpose of:

> (a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or

> (b) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft[.]

RSMo § 569.010(1). Defendant contends because he merely "slipped" the purse from victim's shoulder, he could not have reasonably been found to have exercised the force necessary to sustain his conviction. He reaches this conclusion by comparing his version of the facts with *State v. Tivis,* 884 S.W.2d 28, 30 (Mo.App. W.D.1994), wherein the Western District of this Court reversed

---

**3.** Both victim and Wagner identified defendant as the person who stole victim's purse at a line- up and at trial.

the defendant's conviction for second degree robbery where he had "yanked" the purse off of the victim's shoulder by its strap. The Court held the evidence established no use of force where defendant did not touch the victim nor was she injured. *Id.*

Not only is defendant's reliance on *Tivis* misplaced, but his interpretation of the facts in the instant case mischaracterizes —and even ignores—the evidence adduced at trial. Victim testified defendant jerked the purse around and off of her shoulder. While defendant chooses to characterize his action as "slipping" it off her shoulder, the force he used was sufficient to break the purse's strap. Victim further stated she had just begun to go into the purse to look for her bus pass, so the court could reasonably infer she had part of the purse in her hand when defendant grabbed it. Additionally, victim, an elderly lady, stated her shoulder hurt where defendant jerked the purse strap around.[4]

This Court has previously held facts similar to these sufficient to affirm a conviction for second degree robbery. *See State v. Butler,* 719 S.W.2d 35, 37 (Mo.App. E.D. 1986). In *Butler,* we compared the theft of a purse which had a strap wrapped around the victim's arm to the theft of a "watch chain" taken from the person of the victim. The *Butler* court noted that an article, such as a purse or a watch chain, could be so attached to the owner's person as to afford resistance or cause injury in the taking, thus constituting the offense of robbery. *Id.* at 36–37 (citations omitted). Here, victim testified the purse strap was around her shoulder while she sat at the bus stop, and her shoulder was injured when defendant stole the purse. We believe this satisfies the "attachment" analysis discussed in *Butler* and is sufficient to support defendant's conviction.

Moreover, the trial court in its judgment specifically found that defendant, while running from victim, encountered Wagner and threatened her with a gun when she attempted to impede his escape with the stolen property. This act is further evidence supporting the conviction. *See State v. McCombs,* 772

S.W.2d 401, 402–403 (Mo.App. E.D.1989) (upholding second degree robbery conviction where defendant threatened victim with a knife during course of robbery). Defendant's first point is denied.

█ In his second point on appeal, defendant asserts the trial court's verdict acquitting him of first degree robbery is inconsistent with the court's verdict convicting him of armed criminal action. Defendant maintains the trial court's acquittal on the first degree robbery charge constituted a finding no deadly weapon was used during the course of the robbery, thereby negating a necessary element of armed criminal action.

█ An inconsistent verdict among several charges does not require reversal if there is sufficient evidence to support the finding of guilt on each charge. *State v. Clemons,* 643 S.W.2d 803, 805 (Mo.banc 1983). Each count is to be reviewed separately. *State v. Cross,* 699 S.W.2d 51, 53 (Mo.App. E.D.1985). We have already determined the evidence was sufficient to support the trial court's finding of guilt as to robbery in the second degree, as discussed *supra.* We now turn to the evidence as it relates to the charge of armed criminal action.

A person commits the offense of armed criminal action when he or she "commits any felony ... by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon[.]" RSMo § 571.015(1). Here, the trial court found that defendant committed armed criminal action by "pointing a revolver at Miss Wagner, who was standing in his way and asking him what he was doing with the purse...." He did so in order to retain possession of the stolen property and to aid his escape. Thus, the evidence sufficed to show defendant committed the crime of armed criminal action by forcibly stealing victim's purse through the aid and assistance of a deadly weapon.

The cases cited by defendant do not support his argument: In *State v. Peters,* 855 S.W.2d 345, 347–348 (Mo.banc 1993), the court noted the existence of inconsistent ver-

---

**4.** These facts distinguish the case from *Tivis,* where the court relied in part on the fact the

victim sustained no injury from the defendant's act. 884 S.W.2d at 30.

dicts where the jury found the defendant guilty of armed criminal action but not guilty of the underlying felony of assault. In *State v. Staten*, 478 S.W.2d 265, 266 (Mo.1972), the court reversed the defendant's conviction where the jury found the defendant guilty of burglarious stealing but found him not guilty of burglary, which crime was a necessary element of the first offense. Both *Peters* and *Staten* are inapposite; in those cases the finders of fact could not have found the respective defendant guilty of the one crime without finding him guilty of the other. The trial court in the instant case found defendant committed a felony, namely second degree robbery, and was aided by a deadly weapon in the commission of said crime, thus satisfying the elements of armed criminal action.

It appears the rule of law for which defendant argues would require a defendant to be found guilty of an offense expressly requiring the use of dangerous instrument or deadly weapon as an element of the offense before he or she could be convicted of armed criminal action. The statute defining armed criminal action does not mandate such a rule, as it allows "any felony" to serve as the basis for the armed criminal action charge with limited exceptions. *See* RSMo § 571.015(1). To the contrary, independent research has uncovered case law where second degree robbery has served as the basis for a conviction of armed criminal action. *See Jones v. State*, 720 S.W.2d 756, 757 (Mo.App. E.D. 1986); *State v. Miller*, 657 S.W.2d 259, 260 (Mo.App. E.D.1983). More importantly, the trial court found defendant used the gun during the commission of the robbery in its recitation of the evidence supporting that conviction. As each conviction is supported by sufficient evidence, defendant's second point is denied.

Based on the foregoing, the judgment of the trial court is affirmed.

DOWD, P.J., and REINHARD, J., concur.