**STATE of Missouri, Respondent,**

v.

**Lamont CARTER, Appellant.**

No. 69063.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 5, 1998.

Douglas R. Hoff, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Meghan J. Stephens, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT E. CRIST, Senior Judge.

Lamont Carter, Defendant, appeals from the judgment entered after a jury convicted him of second degree robbery in violation of section 569.030, RSMo 1994. We reverse and remand.

On March 2, 1994, at about 7:00 p.m., Emma Moore (Victim) and her seven-year-old grandson were leaving the Family Dollar Store in the City of St. Louis. Victim saw a young man whom she later identified as Defendant standing near a dumpster. Defendant talked to her about her grandson. Victim went to her car and turned her back to get into it. At that time, Defendant came up to her and said, "Give me your purse." Defendant extended his hand. Victim told him to get it out of her coat pocket. Defendant reached into Victim's coat pocket and took her purse. He then ran away quickly. Defendant never threatened her and he never hit her. Victim did not know if Defendant had a gun or any weapon and she did not look at his hand. Smith Johnson lived in an apartment near the Family Dollar Store parking lot and he observed the events. He testified that he never observed Defendant hit Victim and he never saw a gun. The jury found Defendant guilty of second degree robbery. The trial court sentenced him as a prior and persistent offender to fifteen years imprisonment.

Defendant's primary contention on appeal is that the trial court erred in denying his motion for judgment of acquittal at the close of the evidence. He claims the State failed to present sufficient evidence to support his

conviction for second degree robbery. We find this point dispositive of the appeal and because Defendant's second point will not likely recur on appeal, we do not consider its merits.

Section 569.030.1, RSMo 1994, provides that a person commits the crime of second degree robbery if he or she "forcibly steals property." A person forcibly steals property when in the course of stealing as defined in section 570.030, he or she "uses or threatens the immediate use of physical force upon another person".

■ Defendant argues there is no evidence he used or threatened the immediate use of physical force upon Victim. The State concedes and we agree the conviction should be reversed because there was insufficient evidence Defendant used or threatened the immediate use of physical force upon Victim. *State v. Tivis*, 884 S.W.2d 28, 29–30 (Mo.App. W.D.1994). The evidence presented at trial showed that Defendant never threatened or hit Victim and Defendant did not display a weapon. Therefore, we reverse Defendant's conviction for second degree robbery.

Despite this reversal, the State contends Defendant is not entitled to a complete discharge. Instead, the State requests this court enter a conviction for the lesser included offense of felony stealing and remand for the limited purpose of resentencing Defendant for that charge. The State relies upon *State v. O'Brien*, 857 S.W.2d 212, 220 (Mo. banc 1993) in which the Supreme Court reversed O'Brien's conviction for first degree murder. The Court stated:

> Where a conviction of a greater offense has been overturned for insufficiency of the evidence, the reviewing court may enter a conviction for a lesser offense if the evidence was sufficient for the jury to find each of the elements and the jury was required to find those elements to enter the ill-fated conviction on the greater offense.

*Id.* at 220. In that case, however, the Court remanded to the trial court for a new trial on the charge of second degree felony murder because the jury was not required to find

O'Brien guilty of that offense to have convicted him of first degree murder. *Id.*

■ The facts presented are comparable to the facts presented to the Western District in *Tivis*, 884 S.W.2d at 28. In that case, the Western District reversed the conviction of Tivis for second degree robbery. The State requested that the Court enter a conviction for felony stealing as allowed under *O'Brien*. However, the Court refused, finding that the jury did not necessarily have to find Tivis committed the crime of felony stealing to have convicted him of second degree robbery. *Id.* at 31. The Court stated that the significant distinction between second degree robbery and felony stealing is the "requirement that the property be appropriated from the person of the victim for felony stealing as opposed to the from the possession of the victim for robbery." *Id.* Due to constructive possession concerns, a finding that a person is in possession of property does not necessarily require the finding that the property is on his or her person. *Id.* Therefore, the Court did not enter a conviction for felony stealing, but instead remanded for a new trial for felony stealing. *Id.* at 33.

In the case at hand, while the State may have offered sufficient evidence to convict Defendant of felony stealing, the jury instruction only required a finding that the property was appropriated from Victim's possession, not her person. Therefore, we agree with the reasoning in *Tivis* and will not enter a conviction for felony stealing. However, we will remand to the trial court for a new trial on the lesser included offense of felony stealing. *O'Brien*, 857 S.W.2d at 221; *See also, State v. Vaughn*, 940 S.W.2d 60, 63 (Mo.App. W.D.1997).

The judgment is reversed and remanded for further proceedings consistent with this opinion.

CRAHAN, C.J., and RICHARD B. TEITELMAN, J., concur.