STATE of Missouri, Respondent,

v.

James Michael BRISCOE, Appellant.

James Michael BRISCOE, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 48207, WD 49288.

Missouri Court of Appeals,
Western District.

Feb. 14, 1995.

Judith LaRose, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and LOWENSTEIN and ELLIS, JJ.

SPINDEN, Presiding Judge.

A jury convicted James Michael Briscoe of delivering more than five grams of marijuana. He does not challenge the sufficiency of the state's evidence in obtaining the conviction but complains that the trial court erred by refusing to instruct the jury concerning a lesser-included offense of delivering less than five grams. He also complains that the court did not draft findings of fact and conclusions of law in overruling his Rule 29.15 motion for post-conviction relief. We affirm the judgment of conviction, but we remand the case so the court can draft findings of fact and conclusions of law.

The conviction arose from an incident on October 22, 1992, in Moberly. Tim Hess appeared at Briscoe's house and told Briscoe that he wanted to pick up some marijuana he had purchased the day before from Briscoe's brother. Briscoe got the marijuana and took Hess' money. That night, Hess and the Briscoe brothers drank beer and smoked Hess' marijuana at the Briscoes' house. The next day, police, acting on the basis of a valid search warrant, searched Briscoe's house and found the marijuana Briscoe had sold to Hess and other marijuana. The police found that Hess had 7.85 grams of marijuana. They found 37.39 grams of other marijuana in the house.

At trial on April 5, 1993, the trial court instructed the jury on delivery of more than five grams of marijuana. It rejected Briscoe's proffered instruction on delivery of less than five grams of marijuana, a lesser-included offense to delivery of more than five grams. Briscoe charges that this was error. We disagree.

█ A trial court should instruct on a lesser-included offense if the evidence supports the instruction. Section 556.046, RSMo 1986; *State v. Blewett,* 853 S.W.2d 455, 459 (Mo.App.1993). The evidence did not support an instruction on delivery of less than five grams.

Briscoe argues that although authorities testified that the marijuana in Hess' possession weighed 7.85 grams, the jury could have concluded that Hess had added marijuana to what Briscoe had given him. We find no evidence supporting such a finding. To the contrary, Hess testified that the marijuana that the police found in his possession was what he had bought the previous day from Briscoe. The trial court correctly rejected the argument and Briscoe's instruction.

█ Briscoe is correct that doubts concerning whether to instruct on a lesser-included charge should be resolved in favor of including the instruction. *State v. White,* 847 S.W.2d 929, 933 (Mo.App.1993). Evidence, however, must still support the giving of the instruction. Briscoe presented none to support his demand for the instruction on the lesser-included offense. In the absence of affirmative evidence, a trial court should not instruct on a lesser-included offense "merely because the jury might disbelieve some of the state's evidence or decline to draw some or all of the permissible inferences." *State v. Warrington,* 884 S.W.2d 711, 717 (Mo.App. 1994).

█ In his second point, Briscoe complains that the trial court did not draft findings of fact and conclusions of law in ruling on his

*pro se* motion for post-conviction remedies. The state concedes that this was error. We agree. *Barry v. State,* 850 S.W.2d 348 (Mo. banc 1993). Without findings of fact and conclusions of law, we cannot give adequate appellate review. We, therefore, remand for the court to correct its error by preparing proper findings of fact and conclusions of law.

All concur.