**STATE of Missouri, Respondent,**

v.

**Danny MAYNARD, Appellant.**

**No. WD 51553.**

Missouri Court of Appeals,
Western District.

Submitted Oct. 8, 1997.

Decided Nov. 4, 1997.

Jeannie A. Willibey, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jacqueline K. Hamra, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, C.J., P.J., and SMART and ELLIS, JJ.

SMART, Judge.

Danny Maynard was convicted, after jury trial, of committing robbery in the second degree, § 569.030, RSMo 1994[1], for which he was sentenced as a prior and persistent offender to ten years imprisonment running concurrently with a previously imposed sentence. Maynard appeals, claiming that the trial court: (1) erred by refusing to submit defense Instruction "A", his lesser included offense instruction on misdemeanor stealing, to the jury; and (2) abused its discretion in failing to sustain his objection to and in failing to instruct the jury to disregard a portion of the State's closing argument. Judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 15, 1994, Danny Maynard and his friend, Lacy Belton, went to the J.C. Penny's store at Metro North Mall in Clay County. Joseph Frankenfield, a security officer, noticed Maynard and his friend when they were looking at girls' jeans. Mr. Frankenfield saw Maynard roll up a pair of jeans and place them on the counter. When the sales person in that department finished with a customer, she approached the two men and directed them to the men's department. The men left the rolled up jeans on the counter and went to the men's department. Maynard rolled up a pair of jeans and placed them on the side of a table while his friend was talking to the sales person. Mr. Frankenfield moved to an observation booth in the store above where Maynard was standing. He saw Maynard roll up another pair of jeans and place them next to the pair that he had already rolled up. Maynard then unsnapped and opened his pants. He put the two pair of rolled jeans in the back of his pants, pulled his sweatshirt over the jeans, and fastened his pants.

Mr. Frankenfield called Steven Fleming, a maintenance man, for assistance. Maynard and his friend left the store without paying for the jeans. Mr. Frankenfield approached Maynard in the parking lot, identified himself, and asked Maynard to come back to the store. Maynard kept walking. Once again

---

1. All statutory references are to Revised Statutes of Missouri 1994, unless otherwise indicated.

Mr. Frankenfield identified himself to Maynard, asked him to stop, and asked him to come back into the store with him. Maynard continued walking. Mr. Frankenfield then walked in front of Maynard and told him that he was J.C. Penny's security. Maynard began to cuss at Mr. Frankenfield. He told Mr. Frankenfield that he was not going anywhere. Mr. Frankenfield grabbed Maynard's sweatshirt. Maynard pushed him against a car and then knocked him to the ground with such force that Maynard's sweatshirt ripped. Mr. Frankenfield called to Mr. Fleming for assistance. Mr. Maynard began to run across the parking lot. Mr. Frankenfield saw Maynard undo his pants, pull out the two pair of jeans, and throw them in the parking lot.

Mr. Frankenfield caught Maynard and grabbed him. Maynard pushed Mr. Frankenfield into a brick concrete wall on the side of the Jones Store. Maynard struggled with Mr. Frankenfield when Mr. Frankenfield told Maynard that he was going to handcuff him. Security persons from the Jones Store assisted Mr. Frankenfield in handcuffing Maynard. When the police arrived, Maynard gave them a false name. After being read his *Miranda*[2] rights, Maynard gave a statement to the police admitting that he had taken the jeans without paying because he and his friend wanted new clothes for a date that night.

At trial, Maynard testified that he took the jeans but that he did not remember shoving Mr. Frankenfield into a car. He stated that when Mr. Frankenfield first grabbed him, "I put his hand off of me, if I remember correctly, and I started running." Maynard testified that his sweatshirt ripped when Mr. Frankenfield tried to take him back into the store. On cross-examination, Maynard admitted that he pushed Mr. Frankenfield and started running.

The jury found Maynard guilty of second degree robbery. The trial court sentenced him as a prior and persistent offender to ten years imprisonment running concurrently with a previously imposed sentence. Maynard appeals.

## LESSER INCLUDED OFFENSE INSTRUCTION

In his first point, Maynard contends that the trial court erred in refusing to submit his proposed Instruction "A" to the jury. Instruction "A" would have instructed the jury on the lesser included offense of misdemeanor stealing. Maynard claims that the evidence at trial provided a basis for acquittal on the offense of robbery in the second degree and for a conviction for misdemeanor stealing because the jury could have found that Maynard stole the jeans without using force. Maynard submitted the following instruction, which the trial court refused. It read:

### Instruction No. A

If you do not find the defendant guilty of robbery in the second degree as submitted in Instruction No. .., you must consider whether he is guilty of misdemeanor stealing.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about October 15, 1994, in the County of Clay, State of Missouri, the defendant took miscellaneous clothing, property in the possession of J.C. Penny, and

Second, that defendant did so without the consent of J.C. Penny, and

Third, that defendant did so with the purpose of withholding it from the owner permanently,

then you will find the defendant guilty of misdemeanor stealing.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

The trial court is required to instruct the jury on a lesser included offense only where the evidence would provide a basis for an acquittal on the greater offense and for a conviction on the lesser offense. *White v. State*, 939 S.W.2d 887, 901 (Mo. banc 1997). "A lesser-included offense *instruction*

---

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

is not required where there exists 'strong and substantial proof' of the greater offense charged or where the evidence does not suggest a questionable essential element of the more serious offense charged." *State v. Coleman,* 949 S.W.2d 137, 142 (Mo.App.1997)(quoting *State v. Dewey,* 869 S.W.2d 834, 837 (Mo.App.1994)). Should there be any doubt about the evidence, that doubt should be resolved in favor of the trial court instructing on the lower degree of the crime and leaving for the jury to decide which grade of an offense defendant is guilty. *State v. Santillan,* 948 S.W.2d 574, 577 (Mo. banc 1997). There must be some evidence in the record, however, that would support the instruction. *State v. Briscoe,* 892 S.W.2d 355, 356 (Mo.App.1995).

■ Maynard was charged with robbery in the second degree, § 569.030. "A person commits the crime of robbery in the second degree when he forcibly steals property." § 569.030.1, RSMo 1994. The definition of "forcibly steals" is found in § 569.010(1), which provides, in pertinent part:

> (1) **"Forcibly steals"**, a person "forcibly steals", and thereby commits robbery, when, in the course of stealing, as defined in section 570.030, RSMo, he uses or threatens the immediate use of physical force upon another person for the purpose of:

> (a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking....

Maynard claims that he was entitled to a lesser included offense instruction because he asserted at trial that he did not use force against anyone while taking or retaining the jeans. This is not, however, what Maynard recounted in his testimony. Maynard's testimony did not contradict Mr. Frankenfield's account of their first physical encounter. Maynard initially described the first encounter with Mr. Frankenfield, where contact was initially made, by describing how "I put his hand off of me." He claimed he did not remember whether he shoved Mr. Frankenfield against a car. During cross-examination, Maynard admitted that he pushed Mr. Frankenfield, started running and threw the jeans down as he was running. There is no evidence in the record that force was not used. Failing to instruct on the lesser included offense of misdemeanor stealing cannot, therefore, be considered error.

Maynard, focusing on his direct testimony that he put Mr. Frankenfield's hand off of him, cites *State v. Tivis,* 884 S.W.2d 28 (Mo. App.1994) for the proposition that physical contact alone is not the same as using force. *Tivis* is factually distinguishable. The defendant in *Tivis,* snatched ("yanked") a purse from a woman's shoulder. *Id.* at 30. The victim of the incident testified that there was no struggle over the purse, that the defendant took the purse without touching or injuring her. *Id.* In the instant case, Maynard initially testified that he put Mr. Frankenfield's hand off of him. Maynard agreed, on cross-examination, that he pushed Mr. Frankenfield. Such a push constitutes physical force. Point I is denied.

## CLOSING ARGUMENT

In his second point, Maynard contends that the trial court erred in failing to sustain his objection to and in failing to instruct the jury to disregard a portion of the State's closing argument. He contends that the State's argument was a misstatement of the law and prejudiced the jury in that they could have found Maynard guilty based upon force that was used after he dropped the stolen jeans. The State claims that there was no abuse of discretion on the part of the trial court because (1) such remarks were proper retaliation and (2) the State did not misstate the law in its argument.

During closing argument, the defense argued:

> And what we're talking about is what occurred out there in the parking lot at the Penny's Store. Because as you know, these jeans got dropped in the parking lot. So it doesn't matter what happened over at the Jones Store because he didn't have the property on him at the time. What's in issue is what happened out in that parking lot.

The prosecutor, in rebuttal, replied:

> But Mr. Maynard is the one, the Defendant is the one that chose to make this a

robbery case. He chose to fight with Mr. Frankenfield, shove him into the court, push him to the ground, and then to run. And what happened at the Jones Store does matter, ladies and gentlemen. The overall circumstances show the Defendant used physical force the entire time the event took place until the time he was stopped.

At this point, defense counsel interposed an objection, claiming that the State had misstated the law. The trial court responded, "The jury is reminded the attorney's arguments are not evidence and you will use your recollection of the evidence in the case." Maynard asked for no further relief.

 The trial court has great discretion in its control over closing argument. *State v. Barton,* 936 S.W.2d 781, 783 (Mo. banc 1996). Review of the trial court's rulings during closing argument is for abuse of discretion. *State v. Kinder,* 942 S.W.2d 313, 329 (Mo. banc 1996). Under this standard, we will reverse only where the argument is "plainly unwarranted." *Id.* The State's argument in the instant case was proper. It can be inferred from Maynard's initial use of physical force to resist arrest that Maynard used physical force for the purpose of retaining possession of the stolen jeans. The State is allowed to make reasonable inferences based upon the evidence. *State v. Copeland,* 928 S.W.2d 828, 841 (Mo. banc 1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 981, 136 L.Ed.2d 864 (1997). Point II is denied.

Judgment is affirmed.

ULRICH, C.J., P.J., and ELLIS, J., concur.