**Johnnie S. GRESHAM,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 24172.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 24, 2002.

Motion for Rehearing or Transfer to
Supreme Court Denied Feb. 14, 2002.

Application for Transfer Denied
March 19, 2002.

Emmett D. Queener, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Audara L. Charlton, Asst. Atty. Gen., Jefferson City, for Respondent.

JOHN E. PARRISH, Judge.

Johnnie Gresham (movant) was convicted of assault in the second degree following a plea of guilty. § 565.060.1(4), RSMo 1994.[1] He was sentenced to seven years' imprisonment.

Following incarceration, movant filed a motion for post-conviction relief as permitted by Rule 24.035. Counsel was appointed and an amended motion filed. The

---

1. Section 565.060.1(4), RSMo 1994, states that a person commits the crime of assault in the second degree when he or she "[w]hile in an intoxicated condition or under the influence of controlled substances or drugs, oper- ates a motor vehicle in this state and, when so operating, acts with criminal negligence to cause physical injury to any other person than himself."

motion was denied after an evidentiary hearing. This court affirms.

Movant's amended motion characterized his sentence in the underlying criminal case as "seven years imprisonment (without a 120 day call-back under Section 559.115)."[2] The motion asserts as grounds for vacating his conviction and sentence "that movant was not afforded an opportunity to withdraw his plea of guilty upon the [trial] Court's rejection of the plea agreement."

Movant filed a written "Petition to Enter Plea of Guilty" in the underlying criminal case. Paragraph 13 of the motion states:

I declare that no police officer or agent of any federal, state or local law enforcement agency has promised that I will receive a lighter sentence or probation or any form of leniency if I plead GUILTY, except as follows: no

The Prosecuting Attorney has promised me that if I plead GUILTY, he will do the following: recomend [sic] 7 year sentence under 559.115

If anyone else made any promises to me, I know that he had no authority to do so. I know that the sentence I will receive is completely within the control of the Judge. I hope to receive lenience, but I am prepared to accept any punishment permitted by law which the Court sees fit to impose. However, I respectfully request the Court to consider, in mitigation of punishment, that I have voluntarily entered a PLEA OF GUILTY.

The underlined words are handwritten on printed lines.

At the guilty plea hearing in movant's criminal case, the trial court inquired if there was a plea agreement. The defendant answered, "Yes." The prosecuting attorney told the trial court:

Your Honor, my understanding is that [movant] will request a PSI—that the plea agreement is that upon his plea of guilty, the State will recommend that he be sentenced to the Department of Corrections for a period of seven years. The State has agreed to recommend sentencing under 559.115 with some special conditions of probation if, in fact, he is granted probation.

The trial judge then asked the following questions and the participants gave the following answers:

THE COURT: All right. Defense counsel, is that, in fact, the plea agreement here?

[DEFENSE ATTORNEY]: Yes, it is.

THE COURT: Thank you, ma'am. Is that your plea agreement as you understand it, Mr. Gresham?

[MOVANT]: Yes.

THE COURT: Is that your complete plea agreement?

[MOVANT]: Yes.

The trial judge explained various rights possessed by defendants in criminal cases and inquired as to movant's understanding of those rights. At the conclusion of the trial judge's inquiry, movant's attorney was permitted to ask questions. She showed movant the Petition to Enter Plea of Guilty and asked if he recognized the document. He answered, "Yes, ma'am." The attorney asked movant if they had gone over the document that morning; if they had gone "through each and every paragraph." He answered that they had. He acknowledged that his attorney had been available to answer any questions; that he understood "everything in here"; that it was his signature on the last page

**2.** References to statutes are to RSMo Cum. Supp.1996, unless otherwise stated.

of the pleading. Movant said he signed the document "after reading it in full."

Movant was asked if he was requesting that the trial court accept his plea of guilty. He said he was. He was asked if he was requesting a presentence investigation. He answered, "Yes." The attorney asked movant if he understood that at his sentencing hearing, following receipt of his presentence investigation report, "the Prosecutor will make the recommendation for a seven year sentence under 559.115, which gives this Judge jurisdiction for a hundred and twenty days"; whether that was his understanding. Movant answered, "Yes." Movant's attorney then filed the Petition to Enter Plea of Guilty.

The guilty plea hearing concluded with the following questions and answers:

THE COURT: Do you understand that I'm ordering a Presentence Investigation if I accept this plea agreement?

[MOVANT]: Yes, sir.

THE COURT: You understand, however, I do not have to accept, as a Judge, any recommendation by the State or defense counsel.

[MOVANT]: Yes.

The trial judge announced he was accepting movant's plea of guilty. He stated that movant had requested a presentence investigation. He ordered the investigation and set the sentencing date.

At the sentencing hearing, the trial judge advised movant that he would not "do the 559." He then reviewed the presentence investigation report in detail. He noted the victim of movant's crime sustained severe injuries; that "[s]he suffered brain damage—will never be the same as she was before." He noted the victim also suffered a crushed ankle that required surgery and would require two additional surgery procedures. The victim spent two months in a wheel chair and had to relearn to walk. Medical expenses exceeded $100,000.

The presentence investigation report disclosed movant had four driving-while-intoxicated convictions, two driving-with-excessive-breath-alcohol-content convictions, and two driving-while-revoked convictions. Movant had at least five other traffic violation convictions. Movant admitted being drunk when he committed the offense for which he had pleaded guilty. The court noted the offense occurred less than five months after movant's last driving-while-intoxicated conviction, for which defendant was fined $300 and placed on one year's probation.

At the sentencing hearing in the criminal case, the trial judge granted allocution at which time movant's attorney moved to withdraw movant's guilty plea asserting that the trial judge would "not be following the Prosecutor's recommendation." The motion to withdraw the plea of guilty was denied. Movant was sentenced to imprisonment for a term of seven years.

Movant presents one point on appeal. He contends the motion court erred in denying his Rule 24.035 motion because the trial court's refusal to permit him to withdraw his guilty plea in the underlying criminal case was contrary to the plea agreement in that case.

■ This court's review of the motion court's denial of a Rule 24.035 motion is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). A motion court's determination will be found clearly erroneous only if a review of the entire record leaves a definite and firm impression that a mistake has been made. *Bauer v. State,* 949 S.W.2d 248, 249 (Mo. App.1997).

■ Movant's claim of error is based on the contention that he had a plea agree-

ment in his criminal case whereby he was to receive probation as permitted by § 559.115.2 in exchange for pleading guilty. Section 559.115.2 states, in applicable part:

> A circuit court only upon its own motion and not that of the state or the defendant shall have the power to grant probation to a defendant anytime up to one hundred twenty days after such defendant has been delivered to the custody of the department of corrections but not thereafter. The court may request information and a recommendation from the department concerning the defendant and such defendant's behavior during the period of incarceration....

As *Soutee v. State*, 51 S.W.3d 474, 476 (Mo.App.2001), explains, "The statute explicitly states this type of probation is available to the sentencing court 'only upon its own motion and not that of the state or the defendant.' " Neither the state nor a defendant in a criminal case can require a circuit court to grant probation or consider granting probation within 120 days following delivery of the defendant to the custody of the department of corrections. Section 559.115.2 plainly states that a circuit court has the power to grant probation within 120 days following delivery of a defendant to the department of corrections "only upon its own motion and not that of the state or the defendant." Whether a circuit court will grant or consider granting probation within that time is not subject to negotiation between the state and a defendant in a criminal case.

Paragraph 13 of movant's written petition to plead guilty alluded to § 559.115 in summarizing the recommendation the prosecuting attorney was willing to make. It stated the understanding that the prosecuting attorney would "recomend [sic] 7 year sentence under 559.115." That language was followed by the acknowledge-ment that the sentence to be imposed was "completely within the control of the Judge"; that movant was "prepared to accept any punishment permitted by law which the Court sees fit to impose." Movant told the trial judge he had "gone through" the petition to plead guilty; that he understood it; that he signed it "after reading it in full."

The prosecuting attorney's statement to the trial court was consistent with movant's petition to plead guilty. He stated the understanding that movant would request a presentence investigation; that his recommendation, which he characterized as "the plea agreement", was that movant be sentenced to the department of corrections for a period of seven years. He added that the state had "agreed to recommend sentencing under 559.115 *with some special conditions of probation if, in fact, he is granted probation.*" (Emphasis added.) The prosecuting attorney did not say the state had agreed that movant was to receive probation. He said only that in the event probation was granted, there were special conditions of probation that would be requested.

Movant's trial attorney was asked if that was the "plea agreement." She answered that it was. Movant was asked if that was his agreement. He acknowledged that it was.

The motion court found that in return for movant pleading guilty, "the State agreed to recommend sentencing under 559.115 RSMo"; that movant stated at the time he pleaded guilty "he understood that after review of the Pre-sentence Investigation that the Court would conduct the sentencing and would not be bound by any recommendation made by the State or defense counsel with regard to sentencing." The motion court concluded, "On the issue of [movant's] right to withdraw his plea the Court found that this issue was refuted

by his testimony that he knew that the Court was not required to follow the recommendation of the State after the Presentence Investigation."

The trial court finding was not clearly erroneous. The judgment denying movant's Rule 24.035 motion is affirmed.

GARRISON, P.J., and RAHMEYER, J., concur.