**Dorothy ESKRIDGE, Movant–Appellant**

v.

**STATE of Missouri, Respondent.**

No. 27428.

Missouri Court of Appeals,
Southern District,
Division One.

June 20, 2006.

Ellen H. Flottman, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Dorothy Eskridge (movant) was convicted, following pleas of guilty, of possession of cocaine, a controlled substance, § 195.202.2,[1] and stealing, third offense, § 570.040.1. She was sentenced to imprisonment for terms of five years and four years, respectively. The sentences were ordered served consecutively.

Movant filed a timely motion for post-conviction relief as permitted by Rule 24.035, and, thereafter, an amended motion. The amended motion was denied. Following an appeal, the case was remanded for the motion court to make findings of fact and conclusions of law. *See Eskridge v. State*, 169 S.W.3d 603 (Mo.App.2005). After remand, the trial court entered Findings of Fact, Conclusions of Law and Judgment that included denial of movant's Rule 24.035 motion. Movant appeals that judgment.

Movant contends that the motion court erred in denying her Rule 24.035 motion for the reason that the sentences imposed following her pleas of guilty were not consistent with the negotiated plea agreement pursuant to which the pleas were entered. She contends in Point I that this rendered her pleas of guilty involuntary and, in Point II, that she was denied effective assistance of counsel in that her attorney in the criminal cases failed to make a record that the sentences were contrary to the negotiated plea agreement. This court reverses and remands with directions.

---

1. References to statutes are to RSMo 2000.

Movant appeared October 21, 2003, before the sentencing court. She pleaded guilty to the two criminal offenses that are the subject of this Rule 24.035 proceeding. Sentencing was passed to February 24, 2004. Movant failed to appear on that date. Movant appeared before the court for sentencing in her criminal cases March 30, 2004, following arrest on a capias warrant. She was advised that a long-term treatment program in which she was to be placed was no longer available due to her having previously absconded. Movant asked if she was getting concurrent time and was advised by the sentencing court that it found no recommendation regarding whether the sentences were to run consecutively or concurrently.

The motion court reviewed the proceedings that occurred in movant's criminal cases. It summarized what occurred at the sentencing hearing:

. . .

8. After finding out movant was not going to get the long term treatment she tries to indicate that she was not guilty of the possession charge. The Court declined to revisit the issue of guilt or innocence, indicating that the Court accepted her plea of guilty and specifically found that this plea was made freely, voluntarily, and intelligently . . . .

9. Movant then requested to withdraw her plea of guilty to which the Court declined to do so and sentenced her to a five year prison sentence on the possession of controlled substance and four year on the stealing charge to run consecutively for a total of nine years.

. . .

It found "no ineffectiveness of counsel based on its questions [after sentencing] and responses to the Movant that she was satisfied with her attorney, Mary Dilks."

(Reference to transcript plea hearing omitted.)

With respect to sentencing movant to consecutive sentences, the motion court concluded:

The main question is that by running the sentences consecutively did the Court violate the terms of the plea agreement and if so, should the Court have allowed the Movant to withdraw her guilty plea. The Court concludes that the plea bargain made between the Prosecutor, the Movant and her attorney was for a sentence of no more than nine years. Since the Court did not exceed that agreement, the Court did not have to allow the Movant to withdraw her guilty plea.

With respect to effectiveness of counsel, the motion court concluded:

Lastly, Movant claims that her plea attorney was ineffective and that she should have made a better record of the plea bargain. It has been long held that the Movant has the burden of proof to show to the Court that Movant's attorney was ineffective and failed to render such services that conform to a degree of skill and competence of a reasonable, competent attorney. See *Wright-El v. State*, 890 S.W.2d 664 (Mo.App. E.D. 1994).

The Court after reviewing the entire record finds and concludes the Movant's plea attorney, Mary Dilks, was not ineffective and that point is denied.

In *Morehead v. State*, 145 S.W.3d 922 (Mo.App.2004), the court explained the appellate process in a Rule 24.035 proceeding:

Appellate review of an order overruling a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly

erroneous. Rule 24.035(k); *Jenkins v. State*, 9 S.W.3d 705, 707 (Mo.App.1999). Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the "definite and firm impression that a mistake has been made." *Rice v. State*, 988 S.W.2d 556, 558 (Mo.App.1999).

*Id.* at 927.

Movant's amended Rule 24.035 motion includes as grounds for relief that she was denied effective assistance of counsel. She alleged:

Movant's guilty plea was entered in an unknowing, involuntary and unintelligent manner because she was denied her right to effective assistance of counsel ... when her attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would under the same or similar circumstances and as a result thereof, movant was prejudiced. Specifically, counsel was ineffective for the following reasons:

Movant's guilty plea was involuntary, unknowing, and unintelligent because plea counsel, Mary Dilks, unreasonably failed to ensure that the full terms of the plea agreement were on the record during the guilty plea proceeding and specifically that the two sentences were to run concurrently. Alternatively, counsel unreasonably failed to advise movant that the terms of the plea agreement no longer called for concurrent sentences and that there was a possibility of consecutive sentences.

■ Point II is directed to the motion court's denial of movant's claim that she received ineffective assistance of counsel. Point II is determinative of movant's appeal. Point II argues that movant received ineffective assistance of counsel "in that plea counsel failed to make a record with the sentencing court that the plea agreement had been for concurrent time and failed to object to the imposition of consecutive sentences." Movant contends that because her negotiated plea agreement was based on "the guarantee that her sentences if executed would run concurrently, the ineffective assistance of counsel she received rendered [her] plea involuntary."

*Schellert v. State*, 569 S.W.2d 735 (Mo. banc 1978), explains the requirements imposed on trial courts in their consideration of negotiated plea agreements:

If the plea agreement contemplates the granting of sentence concessions by the trial judge, he should give the agreement due consideration, but notwithstanding its existence reach an independent decision on whether to grant sentence concessions. If the court rejects the plea agreement, either at the time of the plea proceedings or at the time of sentencing, the court shall, on the record, inform the parties of that fact, advise the defendant personally in open court, or on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity then to withdraw his plea, and advise the defendant that if he persists in his guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

*Id.* at 739. *See also McMahon v. State*, 569 S.W.2d 753, 759–60 (Mo.banc 1978).

Evidence at the hearing in this case disclosed that a part of movant's plea agreement was that the sentences in the two cases in which she pleaded guilty would be served concurrently. The case was submitted to the motion court "by Stipulation of the facts and the record." The motion court "receive[d] Movant's Exhibits 1, 2 and 3 and the parties signed Stipulation." The parties then rested.

Movant's Exhibit 1 is a "MEMO TO FILE" dated "9/17/03." It is handwritten and states:

> Conf PA (Kevin)—Dismissed 303–998F (poss) Will agree to L/T/T with plea on 2 cases, dismiss other 2. Wants 7 & 7 concurrent. Will need to amend to prior & persistent because are D felonies. Conf Judge, PA & P.O. (J. Huffman) Judge wants PSI but if bed date available & she qualifies, ok. Will not put her on prob & send to Teen Challenge. Judge & PA agree that [movant] will be released because only held on drug chg. Advised that she will be drug tested & if doesn't show up for ct, deal off.
>
> Discuss above with [movant]. She accepts & understands conditions.

The "9/17/03" entry on Movant's Exhibit 1 is followed by another entry dated "10/21/03" that states, "See notes in 303–1311F." [2]

Movant's Exhibit 3 is another "MEMO TO FILE." It is also handwritten and includes an entry dated "10/21/03" that states:

> Waive arr—plea, 5 yrs concurrent with 4 yrs in 303–780FX,[3] l/t/t bed date 4/5/04, will be transported after NCD. 303–997, 303–864, 303–542 will be dismissed at sentencing. If any new chgs, dirty UAs, etc., 3 above cases not dismiss & plea bargain offer of l/t/t w/d.

The record on appeal does not identify the source of Movant's Exhibits 1 and 3. However, the statement of facts in movant's appellant's brief states, "Movant's Exhibit 1 was a memo from plea counsel's file," and that "Movant's Exhibit 3 was plea counsel's memorandum of the plea itself, which indicated that the sentence

was '5 yrs concurrent with 4 yrs in 303–780 FX, l/t/t.' " The state's respondent's brief acknowledges that Movant's Exhibit 1 is a memo from movant's plea counsel and that "Movant's Exhibit 3 was a plea counsel's memorandum regarding the guilty plea, stating the sentence was '5 yrs concurrent with 4 yrs in 303–780 FX, l/t/t.' "

■ "Where a statement of fact is asserted in one party's brief and conceded to be true in the adversary's brief, we may consider it as though it appears in the record." *Thornbury v. Morris Oil Co., Inc.*, 846 S.W.2d 238, 239 n. 2 (Mo.App. 1993). Thus, this court accepts as fact that the negotiated plea agreement included that the two sentences would be served concurrently.

Movant's Exhibit 2 is a letter from R. Kevin Barbour on stationary of the Office of Prosecuting Attorney, Butler County, Missouri, dated September 19, 2003. It is addressed and states as follows:

Mary Dilks
Assistant Public Defender
218 N. Broadway
Poplar Bluff, MO 63901
 Re: State vs. Dorothy Eskridge
Dear Mary:

On this date we have prepared a felony complaint against the defendant for possession of a controlled substance, a class "C" felony, a copy of that complaint attached hereto. This will be the same case that was before Judge Hall on September 15th.

My offer is as follows: defendant waives her preliminary hearing on the drug charge and goes on up to Division I. At that time she can plead to the "C" and to one of the pending "D" felonies.

---

2. Case No. CR303–1311FX is the criminal case in which movant pleaded guilty to possession of cocaine.

3. Case No. CR303–780FX is the criminal case in which movant pleaded guilty to stealing, third offense.

I will recommend concurrent time and you can ask for long term drug treatment.

Sincerely,

/s/ [Not readable]

R. Kevin Barbour

Prosecuting Attorney

RKB/tdl

Attachment

A written "Stipulation of Parties" is in the supplemental legal file that is part of the record on appeal. It states, as applicable to Point II:

## IN THE CIRCUIT COURT OF BUTLER COUNTY, MISSOURI

THIRTY–SIXTH JUDICIAL CIRCUIT

DOROTHY ESKRIDGE,

Movant,

vs.

STATE OF MISSOURI,

Respondent

Case No. CV104–86CC

### STIPULATION OF PARTIES

COMES NOW attorneys for movant and respondent who hereby stipulate that if called to testify either at an evidentiary hearing or by deposition, movant, Dorothy Eskridge, would testify to the following facts. This stipulation is only to the content of such testimony and not to the truth of any factual assertion included herein. Credibility of such assertions is for the Court to determine in conjunction with all other facts and circumstances. Pursuant to this stipulation, if called, movant would testify:

— Counsel Dilks advised movant that the state was offering two concurrent sentences;

— Neither counsel nor the Court told movant that the offer was changed from concurrent sentences to consecutive or even possibly consecutive sentences;

— During the guilty plea proceeding no mention was made as to whether the sentences would be concurrent or consecutive;

— During the plea movant continued to believe that the sentences were to be concurrent based on counsel's previous advice as to the terms of the plea offer;

— Movant's understanding was that if she got into trouble while awaiting sentencing she would be incarcerated without bond and other charges would not be dismissed;

— If counsel or the Court would have advised movant that the sentences could be run consecutively, movant would not have accepted the offer or pled guilty;

— Upon learning that the Court would not run the sentences concurrently, movant wished to withdraw her plea of guilty to at least the controlled substance charge;

. . .

So Stipulated,

/s/ [Not readable]

R. Kevin Barbour MOBar # 29053
Attorney for Respondent
106 S. 2nd Street
Poplar Bluff, MO 63901
(573) 686-8060

/s/ [Not readable]

Arthur Allen, MOBar # 42762
Attorney for Movant
3402 Buttonwood
Columbia, MO 65201-3724
(573) 882-9855

Movant's plea counsel's failure to assure that the negotiated plea agreement was related correctly to the sentencing court, and her failure to object or otherwise bring the correct terms of the agreement to the trial court's attention at the time the trial court directed the sentences to be served consecutively, was deficient so as to be ineffective assistance of counsel. Movant was prejudiced by that failure.[4] The motion court's findings and conclusions to the contrary are clearly erroneous. Point II is granted.

Because the disposition of Point II is determinative of the appeal, Point I is not addressed. The judgment denying movant's Rule 24.035 motion is reversed. The case is remanded with directions that movant's pleas of guilty and sentences be set aside.

RAHMEYER, P.J., and LYNCH, J., concur.

---

4.  In order to establish ineffective assistance of counsel, a movant must satisfy a two-prong test.  First, a movant must show that the defense attorney "failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo.banc 1987), *citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Second, it must be demonstrated that movant was prejudiced by the ineffective assistance of counsel.  *Id.* The prejudice prong is satisfied when there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.  *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.