Joshua **HAMILTON**, Movant–Appellant

v.

**STATE of Missouri, Respondent.**

**No. 29606.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 7, 2009.

Kent Denzel, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Robert J. (Jeff) Bartholomew, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

WILLIAM J. CLARKSON, Special Judge.

Joshua Hamilton (movant) appeals the judgment denying his motion for post-conviction relief filed pursuant to Rule 24.035 [1]. Movant was convicted, following a guilty plea, of first degree robbery, § 569.020.[2] He was sentenced by the trial court to imprisonment for a term of twelve years. Movant asserts there was an insufficient factual basis for his guilty plea; that the facts recited by the prosecutor did not establish the element of "forcibly steals" required by § 569.020 and as defined by § 569.010(1). This court affirms the motion court's denial of movant's Rule 24.035 motion.

Appellate review of the denial of a Rule 24.035 motion for post-conviction relief is to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Eskridge v. State*, 193 S.W.3d 849, 850–51 (Mo.App.2006). The motion court's findings of fact and conclusions of law are clearly erroneous if the appellate court is left with the definite and firm impression that a mistake has been made. *Id.*; *Gresham v. State*, 68 S.W.3d 591, 593 (Mo.App. 2002).

Movant was charged with committing the offense of robbery in the first degree as set forth in § 569.020.1(3). As outlined by that statutory section, "[a] person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof ... [u]ses or threatens the immediate use of a dangerous instrument against any person." "Forcibly steals" is defined by statute, in pertinent part, as the use or threat of immediate use of physical force upon another person for the purpose of "[p]reventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking." § 569.010(1)(a). Movant contends the evidence was insufficient to establish a factual basis for robbery in the first degree as codified and defined in chapter 569 in that the prosecutor alleged movant threatened force only to avoid returning to the store to pay for the property, not that movant

---

1. Rule references are to Missouri Rules of Court for Civil Procedure, 2009.

2. Statutory references are to RSMo 2000.

threatened force to retain the stolen property (Point I).

The motion court denied movant's contention without an evidentiary hearing.[3] It found a factual basis was established for the charged offense and was affirmed by movant. The motion court found the factual basis presented by the state "clearly show[ed] that [m]ovant forcibly stole the beer, because his actions were part of an effort to overcome retention of the property." This court finds the motion court's finding was not clearly erroneous.

Rule 24.03(e) provides that a court shall not enter judgment on a guilty plea unless the *court determines there is a factual basis for the plea.* "A factual basis exists if the defendant understands the facts presented at the guilty plea proceeding and those facts establish the commission of the charged crime." *Martin v. State,* 187 S.W.3d 335, 339 (Mo.App.2006). The court should reject a guilty plea if a factual basis is not established. *State v. Morton,* 971 S.W.2d 335, 340 (Mo.App. 1998). A factual basis is *not* established if the facts presented at the guilty plea hearing do not establish the commission of a crime. *Id.* The purpose of establishing a factual basis for a guilty plea is to aid in determining whether a plea of guilty has been entered voluntarily and intelligently. *Applewhite v. State,* 276 S.W.3d 900, 902 (Mo.App.2009); *Wagoner v. State,* 240 S.W.3d 159, 165 (Mo.App.2007).

During the guilty plea proceeding, the prosecutor stated the following facts would be established at trial:

> The state's evidence would be that on September 14, 2004 around 6:47 am at 2808 South Campbell in Springfield, Greene County, Missouri, Officer Boyd of the Springfield Police Department was dispatched to a robbery that had just occurred. Officer Boyd arrived and contacted the clerk, Francis Szura, who reported that a white male subject entered the Kum N Go convenience store, selected a 30 pack of Miller Beer valued at $13.49. He walked up to the register where he placed the beer on the counter, but when the clerk attempted to scan the beer, he would not let go of the packet so that it could be rung up in the register. Ms. Szura told the subject that he would need to let go of the beer and that she needed to see his identification in order for him to purchase it. The subject told the clerk he left his ID at home, he took the beer off the counter. He then walked out of the store, carrying the beer that he had not paid for at the register. Ms. Szura contacted her manager, Ruby Plants and her assistant manager and told them that the subject had left the store without paying for it. Mr. Wallace and Mr. [sic] Plants confronted the subject in the parking lot and told him to come back inside and pay for it. They reported that the subject turned around with a knife in his hand. Wallace and Plants reported that the subject, later identified as the [movant], said "Do you want to get f—— stabbed?" Wallace and Plants did not follow the subject as he crossed Campbell still carrying the beer.
>
> While assisting with the investigation, Officer Hawkins received information that the subject that had robbed the Kum N Go was named Josh and that he lived at 2911 South Market Street. Officer Hawkins responded to that address, where he located Joshua Hamilton, along with a 30 pack of Miller Beer that was still cold.

---

**3.** Movant does not challenge his failure to receive a hearing and concedes the motion may be resolved by a review of the plea transcript.

Officer Boyd brought the clerk, Ms. Szura, to the location and she positively identified Joshua Hamilton as the person who had taken the beer from the store without paying for it and who displayed a knife on the parking lot when confronted. That would be the state's evidence, Your Honor.

Movant stated that he was pleading guilty because he committed the acts outlined by the state. The state outlined the range of punishment for the offense. The court explained to movant the rights he was giving up by pleading guilty. Movant stated he understood he was waiving these rights by entering a plea of guilt.

In his amended motion, movant contends the facts outlined by the state fail to establish a factual basis for first degree robbery in that the facts failed to establish that he threatened the use of force to retain the beer.[4] Movant asserts the facts establish only that he threatened force to avoid returning to the store to pay for the property. Movant cites to *State v. Kelly*, 43 S.W.3d 343 (Mo.App.2001) to support his contention.

The facts recited by the state, and affirmed by movant, in this case are distinguishable from the facts of *Kelly, supra.* The defendant in *Kelly* was charged with robbery in the first degree and armed criminal action. *Id.* at 344–45. The evidence at trial established that the defendant attempted to steal property from a clothing store. *Id.* at 345. The defendant dropped the property when confronted by employees and began running. *Id.* An employee ran outside and attempted to lock the defendant out of his vehicle. *Id.* The defendant ran to the car and pointed a .9 millimeter handgun in the employee's face. *Id.* at 345–46. The employee backed off

and the defendant ran. *Id.* at 346. Defendant was convicted of all charges. *Id.* at 345.

On appeal, the defendant argued the evidence was insufficient to establish the element of "forcibly steals" for the offense of robbery in the first degree, § 569.020. *Id.* at 346. The defendant argued there was no evidence that he used force or a weapon in the course of taking any property; that the evidence established only that he displayed a weapon, used force or the threat of force, after the property had been abandoned. *Id.* at 347.

This court agreed with the defendant in *Kelly.* It found no evidence that the defendant used force or the threat of force to take the property or to retain possession of the property immediately after the taking. *Id.* at 349. This court found the defendant used force against the store employee only after he had abandoned any attempt to take or retain the property; that "[t]he use of force did not precede the taking, was not contemporaneous with the taking and was not immediately after the taking *for the purpose of overcoming resistance to the retention of the property.*" *Id.* at 350 (emphasis in original).

Unlike the defendant in *Kelly,* movant threatened the use of force for the purpose of overcoming resistance to his retention of the property. Movant left the convenience store without paying for a 30–pack of beer. Store employees approached movant in the store parking lot and asked him to return to the store and pay for the property. Movant displayed a knife, threatened to stab the employees, and walked away. The facts before this court are analogous to the facts addressed in *State v. Maynard,* 954 S.W.2d 687 (Mo.App.1997) and

---

**4.** Movant raised several other grounds for relief in his original motion which were not included in the amended motion and are

deemed "not for consideration." *Self v. State,* 14 S.W.3d 223, 226 (Mo.App.2000).

*State v. Cates,* 854 S.W.2d 17 (Mo.App. 1993), cases both distinguished by this court in *Kelly, supra.*

The defendant in *Maynard* was approached by store personnel in the parking lot and asked to return to the store. *Id.* at 688. The defendant had stuffed jeans into his pants and left the store without paying. *Id.* The defendant pushed the store employee against a car, knocked him to the ground, and ran. *Id.* at 689. The defendant dropped the jeans after running off. *Id.* This court found this evidence sufficient physical force to support a finding of "forcibly steals" pursuant to § 569.010. *Id.* at 690.

The defendant in *Cates* attempted to steal various items from a K–Mart store. *Id.* at 18. A security officer approached the defendant outside the store and asked him to come back inside to talk about the items he had taken. *Id.* The defendant pushed the employee's hand away and a struggle ensued. *Id.* The defendant shoved, hit, and dragged the employee in the vestibule and front sidewalk areas of the store. *Id.* He was able to get free of the employee and ran. *Id.* Another employee saw the defendant dispose of the shoes as he ran away. *Id.* This court found the evidence sufficient to support a finding of "forcibly steals" in that the defendant used force to overcome resistance to retaining the property immediately after its taking, or complete the taking. *Id.* at 19.

The facts in both *State v. Maynard, supra,* and *State v. Cates, supra,* were that the property taken was in the defendants' possession at the time force was used or threatened to be used. In each instance, this court found such evidence sufficient to support a finding of physical force, or the threat of physical force, for the purpose of preventing or overcoming resistance to the retention of the property immediately after its taking under § 569.010.

Movant displayed a knife and threatened to stab store employees when asked to come back inside the store and pay for the 30–pack of beer. Movant was in possession of the beer at the time he threatened the use of physical force. He had not abandoned the property and was not merely attempting to escape as in *State v. Kelly, supra.* The facts before this court are analogous to those presented in *State v. Maynard, supra,* and *State v. Cates, supra.* This court finds the facts presented by the state were sufficient to support a factual basis for movant's guilty plea. Movant's contention that he threatened force only to avoid returning to the store to pay for the property and not to retain the stolen property is an argument in semantics that this court will not entertain. Movant's point on appeal is denied.

This court affirms the judgment denying movant's Rule 24.035 motion for post-conviction relief.

SCOTT, C.J., and LYNCH, P.J., concur.